# EXHIBIT 3

**THE EASTERN CARIBBEAN SUPREME COURT**

**ANTIGUA AND BARBUDA**

**IN THE HIGH COURT OF JUSTICE**

**CLAIM NO: ANUHCV2023/0248**

**BETWEEN:**

**WARREN HALLE**

**Claimant/Applicant**

And

**[1] PORT MANAGER PORT AUTHORITY OF ANTIGUA AND BARBUDA**

**[2] GOVERNMENT OF ANTIGUA AND BARBUDA**

**[3] ATTORNEY GENERAL OF ANTIGUA AND BARBUDA**

**Defendant/Respondents**

**Appearances:**

Mr. Damien Benjamin of counsel for the Claimant

Mr. Anthony Astaphan and with him Mrs. Carla Brookes-Harris, Ms. Alicia Aska of counsel for the Defendants

———————————————

2023:   July 5th,

July 18th, 26th

———————————————

**RULING**

[1] **WILLIAMS, J.**: On 13th July 2023 I refused an application for interim injunction filed herein on 30th June 2023. At the conclusion of the hearing, I undertook to provide written reasons for my decision. These are as follows.

**Application**

[2] The Claimant/Applicant seeks the following orders:

1. *Interim Injunction to prohibit the sale or purported sale of the Motor Vessel Alfa Nero now moored in Falmouth Harbour, St. Pauls, Antigua to the highest bidder Eric Schmidt.*

1

> 2. *An order by the court declaring the Second Bidder Warren Halle as the owner of the motor vessel "Alfa Nero" and to allow seven (7) day process for payment in full to the Government of Antigua and Barbuda according to the procedure of the auction.*

**Background**

[3] The M/Y Alfa Nero "the vessel" is what may be described as a "Superyacht" and has been moored at Falmouth Harbour, Antigua since March 2022.

[4] In accordance with section 38A of the Port Authority (Amendment) Act "The Act" the Port Manager deemed the vessel abandoned and seized it. Thereafter in accordance with section 38A (1) of the Act the Port Manager elected to sell the vessel via public auction.

[5] The procedures of the auction were communicated to prospective bidders by letter from the Port Manager. In the case of the case of Claimant/Applicant the letter was dated 12th June 2023. The material parts of the letter (for the purposes of this application) read as follows:

> *"6. The sealed bids shall be opened on Friday 16th June 2023 by a Group of Independent Persons at 10:00 am at the Treasury Building on Independence Drive, Antigua and a winner will be declared.*
>
> *7. The winner of the auction will be the beneficial owner who makes the highest bid, subject to payment in full to the Government of Antigua and Barbuda within 7 days of the Auction. The successful bidder will be informed immediately after the auction of the bank details for the transfer of the bid amount.*
>
> *8. If the beneficial owner does not make payment to the Government of Antigua and Barbuda within 7 days after the auction, the bid will be nullified and the winning bid will immediately pass to the next highest bidder.'*

[6] The auction duly took place and the highest bid for the vessel was placed by one Mr. Eric Schmidt. Mr. Schmidt was therefore adjudged the winner of the winner. The Claimant/Applicant was the second highest bidder. However, the Claimant/Applicant complains that Mr. Schmidt did not pay the bid price within seven (7) days in accordance with item 8 of the Port Manager's letter quoted above. The Claimant/Applicant therefore filed an application for interim injunction seeking the relief outlined above.

**Grounds of Application**

[7] The relevant grounds of the application are quoted in part as follows:

> 1. *All Auction participants including the Applicant Mr. Warren Halle, and non-participants alike, relied on these published procedures circulated by the First and Second Respondents.*[1]
>
> 2. *The Second and Third Respondents enacted an amendment under section 38A of the Port Authority Act as inserted on 20th March 2023 by section 3 of the Port Authority (Amendment) Act 2023 to allow for the legal framework for the auction procedure of the motor vessel, "Alfa Nero."* [2]
>
> 3. *The winning bidder. Mr. Eric Schmidt has defaulted in making payment to the First and Second Respondents in the required seven (7) working day period contrary to the Auction procedure and statute as amended. As such, Mr. Eric Schmidt's bid must be dismissed and he must be barred from the auction procedure as mentioned. The next highest bidder, Mr. Warren Halle must be declared to be the lawful winner.*[3]
>
> 4. *In accordance with the auction procedure and the contents of the letter dated 12th June 2023, the vessel must be sold to Mr. Warren Halle. Mr. Halle is entitled to have seven (7) business days to make payment to the Government of Antigua and Barbuda.* [4]
>
> 5. *Any exercise by the First, Second and Third Respondents of their powers under section 38A of the Port Authority Act is subject to the requirements of procedural fairness that has not been complied in the Auction procedure by the First, Second and Third Respondents.*[5]
>
> 6. *A sale of the motor vessel "Alfa Nero" before the substantive hearing of the Applicant's claims herein would cause irreparable harm. The Second Respondent would be in violation of its own auction procedure if it does not declare the winning bidder in default and declare the next highest bidder, Mr. Halle the owner of motor vessel, "Alfa Nero" pending payment within the seven (7) day period."*[6]

[8] It should be noted that this application for interim relief was filed before the filing of the substantive claim. On 5th July 2023 this court gave directions for the hearing of this application. This included the filing of affidavits in response by the Respondents, the filing of written submissions and the filing of the substantive claim.

[9] The relevant affidavits and submissions were filed in accordance with the Order. The Claimant/Applicant filed a Fixed Date Claim Form on 7th July 2023. This was amended to a Claim Form filed by the Claimant/Applicant on 13th July 2023. Further will be said on this amended Claim Form later in this ruling.

---

[1] Notice of Application-Ground 6
[2] Notice of Application- Ground 7
[3] Notice of Application- Ground 9
[4] Notice of Application-Ground 10
[5] Notice of Application-Ground 11
[6] Notice of Application-Ground 12

3

[10] The Respondents filed an affidavit in Response sworn to by the Port Manager Mr. Darwin Telemaque on 14th July 2023. The Port Manager indicates that in accordance with section 38A (9) of the Act he was required to transfer clear title to Mr. Schmidt. However, due to several claims pending before the court involving the vessel he was unable to do so. In other words the seven (7) day deadline to pay the bid was itself subject to compliance with section 38A (9) of the Act.[7]

[11] The Claimant/Applicant filed an affidavit in reply on 13th July 2023. In that affidavit the Claimant/Applicant indicates that the pending claims do not affect the Claimant/Applicant's right to purchase the vessel. In fact, the Claimant/Applicant states that these claims are evidence of the Respondents failure to perform. Finally, the Claimant/Applicant states these issues can be resolved by the Second Respondent provide indemnification against all present and future claims.[8]

**Discussion/Analysis**

[12] The applicable the principles in relation to interim injunctions are set out in the well-known case in **American Cyanamid Company v. Ethicon Limited**.[9] The relevant factors to be considered are:

    1. Whether there is a serious issue to be tried?
    2. Where does the balance of convenience lie?
    3. Whether damages would be adequate?

*Serious Issue to be tried*

[13] The grounds contained in the Notice of Application some of which have been quoted above gave the impression that the substantive claim would be in public law in accordance with CPR Part 56. In fact, at the hearing on 5th July 2023 counsel for the Claimant/Applicant indicated that the substantive claim would be in public law. It should be noted that a Claim Form (of any type) had not been filed at that point.

[14] The substantive claim commenced by Fixed Date Claim Form accompanied by a Statement of Claim. The Statement of Claim filed on 10th July 2023 appears to allege breach of contract on the part of the Defendants/Respondents.

---

[7] Affidavit of Darwin Telemaque- paragraphs 6 and 7
[8] Affidavit in Reply- paragraph 6
[9] [1975] AC 396

[15] In particular, paragraphs 2 to 13 of the Statement of Claim alleged that the Claimant/Applicant had consulted with the Honourable Prime Minister to negotiate the sale of the vessel. However, this did not come to fruition and the Claimant/Applicant was advised by his agents that the Prime Minister did not have the authority to sell the vessel. Thereafter at paragraphs 15 to 24 of the Statement of Claim, the Claimant/Applicant recites the alleged breaches of the auction procedure the details of which have already been outlined above.

[16] On 13th July 2023 the Claimant/Applicant filed an Amended Claim Form to replace the Fixed Date Claim Form previously filed. This reinforces the Court's view that this is now a private law claim.

[17] Accordingly, it is obvious that the substantive claim is different from what was foreshadowed in the Notice of Application. The Statement of Claim outlines various expenses which the Claimant/Applicant has incurred as a result of the Respondents' failure to transfer ownership of the vessel to him. The Claimant therefore primarily seeks recovery of these sums.

[18] Paragraph 22 of the Statement of Claim states that the Claimant/Applicant instructed his counsel to apply for an injunction restraining the sale of the vessel to Mr. Schmidt. Notably this paragraph does not indicate that permanent injunctive belief is being sought.

[19] Paragraph 23 of the Statement of Claim states *"The Claimant is of the view that his right to purchase to vessel according to the auction procedure and laws of Antigua and Barbuda has been violated and that Mr. Eric Schmidt's bid be **barred** from the Auction as he defaulted in making payment to Port Authority and the Government of Antigua and Barbuda in the seven (7) working days as required."* In the court's view Paragraph 23 quoted above does not seek any remedy whether by declaration, specific performance or otherwise. The paragraph merely refers to the Claimant/Applicant's view that the auction procedure has not been followed.

[20] It should be mentioned that an injunction is not a cause of action. The right to obtain an interlocutory injunction is merely ancillary to and incidental to a pre-existing cause of action.[10] In this case, the cause of action appears to be a breach of contract for which the normal remedy is damages. Accordingly, for the purposes of the grant of an interim injunction I find that there is no serious issue to be tried.

*Balance of Convenience*

[21] The issue of the balance of convenience will now be examined. In this regard I note that the Claimant/Applicant has given no undertaking in damages. In **National Commercial Bank** v. **Olint**[11] the Privy Council stated as follows:

> *"Likewise, if there is a serious issue to be tried and the plaintiff could be prejudiced by the acts or omissions of the defendant pending trial and the cross-undertaking in*

---

[10] The Siskina [1979] AC 210, 255 per Lord Diplock
[11] [2009] UKPC 16

> *damages would provide the defendant with an adequate remedy if it turns out that his freedom of action should not have been restrained, then an injunction should ordinarily be granted."*

[22] The usual practice in the grant of interim injunctions is to require an undertaking in damages to compensate the Respondent if it later turns out that an injunction should not have been granted. This general principle is subject to some exceptions which are not applicable here (See **Belize Alliance of Non-Governmental Organizations** v. **Department of Environment**[12] at paragraphs 37 and 38 per Lord Walker).

[23] In this case the grant of an injunction may interfere with the rights of a Third Party namely Mr. Eric Schmidt who the Claimant/Applicant admits was the winner of the auction. There is no suggestion (at this stage) that Mr. Schmidt is unwilling or unable to complete the sale of the vessel. Instead, it is argued on behalf of the Respondents that it is not possible to give Mr. Schmidt free and clear title in accordance with section 38A(9) due to ongoing litigation. Thus, an injunction prohibiting the sale may cause the Respondents to breach their contractual obligations owed to Mr. Schmidt.

[24] Consequently, in the absence of an undertaking in damages there is nothing to mitigate any injustice which may be caused to the Respondents if the injunction should later turn out to have been wrongfully granted. Accordingly, the balance of convenience in this case is more in the Respondents' favour and therefore the application for interim relief is refused.

**Adequacy of Damages**

[25] As previously indicated the Amended Statement of Claim appears to be primarily for expenses incurred by the Claimant/Applicant as a result of the Defendants/Respondents' breach of contract. These include costs of legal counsel, agents, crew and travel expenses. Thus, the total claim is for Five Million Six Hundred and Eighty-Three Thousand United States Dollars (Usd$5,683,000.00). These items are accompanied by the documents upon which the Claimant/Applicant intends to rely in accordance with CPR Rule 8.7(3).

[26] Having particularized the claim in this matter it is difficult for the Claimant to argue that damages are not an arguable remedy. There is also no suggestion that the Respondents would be unable to pay an award of damages. In the circumstances I would also refuse to grant an interim injunction on the basis that damages are an adequate remedy.

**ORDER:**

[27] The Court therefore orders as follows:

---

[12] [2003] UKPC 63

1. The application for interim relief as contained in the Notice of Application filed herein on 30th June 2023 is hereby dismissed.

2. The matter is to proceed in accordance with the Civil Procedure Rules.

3. Costs of $2000 payable to the Respondents within 14 days hereof.

4. The First Respondent to have the carriage of this order.

**Rene Williams**

**High Court Judge**

**By The Court**

**Registrar**