# EXHIBIT 13

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| In re Application Under 28 U.S.C. Section 1782 to Discovery for Use in Foreign Proceedings <br> *Plaintiff* | ) ) ) ) ) | Civil Action No. |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: NORTHROP AND JOHNSON YACHTS-SHIPS, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit 1

| Place: Boies Schiller Flexner LLP <br> 55 Hudson Yards, 20th Floor, New York, NY 10001 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | OR | /s/ |
|---|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing Applicant Yulia Guryeva-Motlokhov, who issues or requests this subpoena, are:
Dan G. Boyle, Esq., Boies Schiller & Flexner LLP, 2029 Century Park East, Suite 1520
Los Angeles, CA 90067, +1 (213) 995-5732, dboyle@bsfllp.com

Case 1:25-mc-00098-JMF   Document 4-13   Filed 03/11/25   Page 3 of 12

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                           _____
                                                *Server's signature*

                                                _____
                                                *Printed name and title*

                                                _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, and as set forth in the accompanying Subpoena and in this Exhibit, The Federal Reserve Bank of New York, shall produce electronically stored information and either produce or permit the inspection of documents and tangible things specified below via electronic means, Federal Express, registered mail, or hand delivery to counsel at the offices of Boies Schiller Flexner LLP, 55 Hudson Yards, 20th Floor, New York, NY 10001 when indicated by the Court or at such other time and place as may be mutually agreed.

### DEFINITIONS

1. "ALL" includes the word "ANY," and vice versa.

2. "COMMUNICATION" or "COMMUNICATIONS" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3. "CONCERNING" means relating to, referring to, describing, evidencing, or constituting.

4. "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. This term includes, without limitation, all drafts; communications; correspondence; memoranda; records; reports; books; reports and/or summaries of conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; summaries, reports and records of meetings or conferences; records and reports of consultants; press releases; stenographic, handwritten or other notes; checks, front and back; check vouchers, check stubs or receipts; wire transfer requests, approvals, orders, messages and confirmations,

including but not limited to automated clearing house ("ACH") transactions; payment messages; tape data sheets or data processing cards or discs or any other written, printed, typewritten or otherwise recorded matter, however produced, reproduced, whether or not now in existence; any paper or writing including files, contracts, correspondence, telegrams, agreements, letters, notes, manuals, forms, brochures, drawings, and other data or data compilation of any sort, stored in any medium from which information can be obtained either directly or, if necessary, after translation by You into a reasonably usable form; and electronically stored information, including without limitation any information that is generated, received, processed and recorded by computers and other electronic devices including without limitation any voicemails or other audio files, any video files and images and any text messages; internal or external web sites; output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, instant messages, and all miscellaneous media on which they reside and regardless whether said electronic data exists in an active file, an archive file, a deleted file, or file fragment; and activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, flash drives, hard disks, floppy disks, CD-ROM, ZIP drives, magnetic tape, microfiche, or on any other media for digital data storage or transmittal such as but not limited to any mobile device, or personal digital assistant. Where the electronic and hard copy versions of any document are separate documents per this definition, both the electronic and hard copy versions should be produced.

5.   "YOU," or "YOUR" means Northrop & Johnson Yachts-Ships LLC and any affiliates or subsidiaries, including, any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees, employees, attorneys, and any other persons acting on YOUR behalf, including contractors.

6. "ALFA NERO" refers to the M/Y Alfa Nero, a vessel allegedly sold in 2024 in a sale brokered by Richard Higgins of Northrop & Johnson. Further identifying information may be found here: https://www.northropandjohnson.com/news/brokerage-new-build/northrop-johnson-secures-sale-of-iconic-82m-oceanco-alfa-nero-in-10-days

7. "SUBJECTS" refer to each of the following entities and/or individuals and extends to any entities or individuals bearing a name of similar variation, as well as any agents known or believed by YOU to be acting on behalf of such entities or individuals:

1. Gaston Browne
2. Darwin Telemaque
3. Rasona Davis-Crump
4. Robert Yildirim
5. Ali Yildirim
6. The Yildirim Group
7. Warren Halle
8. Global Bank of Commerce
9. Eastern Caribbean Amalgamated Bank

6. "INCLUDE" or "INCLUDING" means "include, but not limited to" or "including, but not limited to."

## INSTRUCTIONS

1. **Time Period:** Unless otherwise stated in the request, the time period for these Requests is January 1, 2023 to the present.

2. **Responses:** Respond to each Request by producing the requested documents in their entirety, notwithstanding the fact that portions thereof may contain information not requested,

along with every family document (such as any appendices, attachments, cover letters, exhibits, and schedules), that is in your possession, custody, or control. If there are no documents in your possession, custody, or control that are responsive to a particular Request, provide a written response stating so.

3. **Construction:** For purposes of reading, interpreting, or construing the scope of the Definitions, Instructions, and Requests, all of the terms shall be given their most expansive and inclusive interpretation. This includes the following:

   a. The singular form of a word shall be interpreted as plural, and vice versa.

   b. "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.

   c. "All," "each," and "any" shall be construed as "all, each, and any."

   d. The masculine form of a word shall be interpreted as and shall include the feminine, and vice versa.

   e. The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.

4. **Objections:** Each Request shall be responded to fully, unless it is objected to in good faith. In that case, the reason(s) for the objection shall be stated in writing and with particularity. If an objection is to only a portion of the Request, state the objection as to that portion only and respond to any portion of the Request to which you do not object.

   a. If you claim any ambiguity in interpreting the Request or any of the applicable Instructions or Definitions, such claim shall not be used as a basis for refusing to

respond to the Request. In any such circumstance, you should set forth as part of your response the language claimed to be ambiguous and the interpretation chosen or used by you in responding to the Request and you shall respond as fully as possible notwithstanding any claimed ambiguity or objection.

    b. If you object to the Request on the ground that it is overly broad, you are instructed to produce documents in response as narrowed to conform to your objection and to state in your response: (1) how you narrowed the Request; and (2) all reason(s) why you claim the Request is overly broad.

    c. The fact that a document has been or could be produced by any other Person does not relieve you of the obligation to produce such document, even if the document in your possession, custody, or control is identical in all respects to the document produced or held by any other person.

5. **Production:** Produce each responsive document and all family documents in accordance with the terms of any agreement between the parties regarding the production of documents.

    a. Documents shall be produced on a rolling basis as they become available.

    b. If any documents are withheld based on an objection to any Request, all documents covered by that Request but not subject to the objection should be produced.

    c. Documents not otherwise responsive to any of the Requests herein should be produced if such documents are attached to a document or thing called for by these Requests.

    d. Unless otherwise specified, the documents requested include the responsive documents in your actual or constructive possession, control, or custody, as well as

    the responsive documents in the actual or constructive possession, control or custody of your employees, agents, representatives, managers, or any other person acting or purporting to act on its behalf, and, unless privileged and such privilege has not been waived, its attorneys.

e. Unless otherwise specified, the documents requested include all responsive documents in your possession, custody or control that exist in electronic format (whether on internal or external hard drives; on desktop, laptop, notebook, tablet, or personal digital assistant computers; servers; CDs; DVDs; USB drives; or any other electronic medium).

f. Documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) organized and labeled to correspond to the specific Request enumerated in these Requests, with such specific Request identified.

g. In producing documents, you are requested to produce a legible copy of each document requested together with all non-identical copies and drafts of that document. You shall retain all of the original documents for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

h. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed, or filed

        stamps, drafts, revisions, modifications, and other versions of a document is a responsive document in its own right and must be produced.

    i. Documents should be produced in full, without abbreviation or expurgation, regardless of whether you consider the entire document to be relevant or responsive.

    j. In instances where two or more exact duplicates of any document exist, the most legible copy shall be produced.

6. **Lost Materials:** If any responsive document was, but no longer is, in your possession, custody, or control, then provide a log that lists for each such document (a) its type (e.g., email, memorandum, spreadsheet, text message); (b) any author(s) or sender(s); (c) any recipients; (d) any persons cc'd; (e) its date; and (f) its subject matter.

7. **Continuing Obligation:** These Requests are to be considered continuing in nature, and you must promptly furnish supplemental responses if any additional documents or information is discovered or created after your responses are tendered, or if any of your responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

## DOCUMENT REQUEST

1. All documents concerning any sale of the ALFA NERO.

2. All documents concerning any payment for the ALFA NERO.

3. All documents concerning any buyer, prospective or actual, of the ALFA NERO.

4. All documents concerning the disposition or transfer of any sale proceeds or funds held in escrow concerning the ALFA NERO.

5. All documents concerning any charter or rental of the ALFA NERO.

6. All communications with each of the SUBJECTS.

## **TO THE RECORDS CUSTODIAN**

Copies of documents responsive to this Subpoena MUST be received no later than the date indicated in the Subpoena or indicated by the Court or you may be in contempt of Court. If there is a delay for any reason, please e-mail dboyle@bsfllp.com.

**IF THE ESTIMATED CHARGE FOR COPYING THE RECORDS EXCEEDS $500.00, PLEASE CONTACT THIS OFFICE BEFORE PREPARING THE COPIES.**