**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>APPLICATION UNDER 28 U.S.C. SECTION 1782 TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. 1:25-mc-00098 |

**DECLARATION OF OLEG BOUIKO IN SUPPORT OF APPLICATION UNDER 28 U.S.C. § 1782 TO TAKE DISCOVERY IN THIS DISTRICT FOR USE IN FOREIGN PROCEEDINGS**

I, Oleg Bouiko, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 the foregoing is true and correct:

***Introduction:***

1. I am a partner at EPAM Law Offices, and make this declaration in support of the application of Yulia Guryeva-Motlokhov ("Applicant") under 28 U.S.C. § 1782 (the "Application") to take discovery pursuant to 28 U.S.C. § 1782 (the "Requested Discovery").

2. I am an advocate duly licensed and in good standing to practice law before the Courts of the Russian Federation.

3. I have 14 years of experience as a qualified lawyer in the Russian Federation.

4. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge and experience, or upon my discussions with or review of the work product

of other counsel working on behalf of Applicant. Insofar as they are within my own knowledge, the facts and matters set forth herein are, to the best of my own knowledge and belief, true.

5. In making this Declaration I do not waive any applicable legal privileges.

***The Russian Proceedings:***

6. I am aware that Applicant is a Russian citizen who resides in the United Arab Emirates and the Russian Federation.

7. I am aware that Applicant has initiated legal proceedings in the Russian Federation (the "Russian Proceedings") against Ali Riza Yildirim and Robert Yildirim, as well as certain subsidiaries of the Yildirim Group (collectively, the "Respondents").

8. The Russian Proceedings are civil in nature and have been brought before the Commercial (Arbitrazh) Court of the Kaluga Region.

9. The Russian Proceedings are based on the unlawful confiscation and sale of the motor yacht *Alfa Nero*.

10. The Russian Proceedings have been initiated on the basis of Applicant's claim for recovery of damages from the Respondents, including Ym Thunder 1 Shipping Limited, incurred as a result of certain Respondents' acquisition of the *Alfa Nero* after the vessel was sanctioned by United States authorities and designated "blocked property". Specifically, the Russian Proceedings allege that the *Alfa Nero* was sold to a company controlled by Ali Riza Yildirim and Robert Yildirim, following its illegal expropriation by the Antiguan government after the vessel was designated by United States pursuant to sanctions against the Russian Federation.

11. Under Article 15, paragraph 1 of the Civil Code of the Russian Federation, Applicant may seek compensation for damages when her rights have been violated. These damages

encompass, among other things, the costs and expenses incurred to reinstate her rights, including the value of any lost property.

12. Under paragraph 1 of Article 1064 of the Civil Code of the Russian Federation, economic harm wrongfully caused to Applicant or her property must be fully compensated by the person responsible for the harm.

13. Under Article 248.1 of the Arbitration Procedure Code of the Russian Federation, the exclusive competence of commercial (arbitrazh) courts in the Russian Federation includes disputes between (i) a Russian or foreign person and (ii) another Russian or foreign person, if the basis for such disputes is restrictive measures (i.e., sanctions) imposed by a foreign state on or in relation to a Russian person or property.

14. Under Clause 4 of Article 1 of the Civil Code of the Russian Federation, no one has the right to take advantage of illegal or unfair behavior. Under paragraph 4 of Article 10 of the Civil Code of the Russian Federation, if such conduct violates the rights of another person, then that person has the right to demand compensation for the losses caused by this conduct. According to legal positions set forth in the Resolution of the Presidium of the Supreme Commercial (Arbitrazh) Court of the Russian Federation dated 27.07.2010 No 4515/10 in case No A38-2401/2008, any such infliction of damage is presumed to be unlawful by virtue of the principle of general delict.

15. Under the resolutions of the Constitutional Court of the Russian Federation dated 09.07.2021 No 34-P and dated 13.02.2018 No 8-P, compliance with a sanctions regime established by a foreign state may be considered unfair behavior. In the practice of Russian commercial (arbitrazh) courts, a uniform approach has developed, according to which the actions of persons in

accordance with sanctions imposed by "unfriendly" states are considered an abuse of rights, and thus can be the basis for applying civil liability, including the recovery of losses.

16. Consequently, Applicant has the right to seek dispute resolution in a commercial (arbitrazh) court of the Russian Federation.

17. The Russian Proceedings were instituted on March 3, 2025.

18. The information on the Russian Proceedings is published online and available to all parties involved.

19. On March 3, 2025, Applicant also applied for an injunction against certain of Respondents' assets in the Russian Federation.

*The Intended Use of the Requested Discovery*

20. I understand that through the Application, Applicant seeks sale records regarding the sale of the *Alfa Nero*, as well as financial transfer information from certain financial institutions regarding Browne and certain of his inner circle (the Requested Discovery).

21. In my assessment, the Requested Discovery will permit Applicant to identify critical details about the confiscation and sale of the *Alfa Nero*. Specifically, I expect that financial records for the *Alfa Nero's* sale and/or charter will establish that Respondents were the purchasers of the *Alfa Nero*, and now benefit from the operation or charter of the vessel, as alleged in the Russian Proceedings. The Requested Discovery will also identify the persons and entities who benefitted from the vessel's seizure and sale, including the Respondents. Financial transfer information for Browne and his inner circle will identify the persons and entities that act on Browne's behalf and for his benefit, and are expected to reveal any financial transactions with the Respondents, including, but not limited to, the acquisition of the vessel. As such, the Requested Discovery will thus identify the financial entanglements between the Respondents, the possessors

of the wrongfully-seized *Alfa Nero*, and Browne, the head of government responsible for the vessel's seizure and sale to the Respondents.

22. It is expected that the Requested Discovery will be admissible in the Russian Proceedings, and are not barred by any applicable law or local court rules.

23. None of the custodians of the Requested Discovery are party to the Russian Proceedings. Moreover, the Applicant does not intend to add any of the custodians of the Requested Discovery to the Russian Proceedings.

24. Russian Federation law and local court rules allow for the submission of documentary evidence.

25. No judicial authority in the Russian Federation has rejected any effort by Applicant to obtain the requested documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   Moscow
         March 7, 2025

**Oleg Bouiko**

*EPAM Law Offices*