UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
IN RE APPLICATION OF YULIA GURYEVA-           :       25-MC-98 (JMF)
MOTLOKHOV FOR AN ORDER SEEKING                :
DISCOVERY PURSUANT TO 28 U.S.C. § 1782        :       MEMORANDUM OPINION
:                  AND ORDER
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Applicant Yulia Guryeva-Motlokhov ("Applicant") brings this application pursuant to 28 U.S.C. § 1782 for an order authorizing discovery from the Clearing House Payments Company L.L.C. and the Federal Reserve Bank of New York (together, "Respondents") by means of subpoenas served pursuant to Rule 45 of the Federal Rules of Civil Procedure. Having considered Applicant's submissions, the Court concludes — substantially or the reasons set forth in Applicant's memorandum of law but without prejudice to the timely filing of a motion to quash one or both of the subpoenas and, in the event such a motion is filed, subject to reconsideration — that Section 1782's statutory requirements are met and that the so-called *Intel* factors favor granting the application. *See, e.g.*, *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

      Accordingly, the application is GRANTED. Applicant's U.S. counsel, Dan G. Boyle, is authorized to serve the subpoenas attached as Exhibits 11 and 12 to the Declaration of Dan G. Boyle, ECF Nos. 4-11, 4-12, on Respondents, together with a copy of this Order, no later than **thirty days** from the date of this Order.[1] No later than **the same date**, and *before* serving the subpoena on Respondents, Applicant shall provide actual notice and courtesy copies of the subpoena, application, and supporting documents to the party or parties against whom the requested discovery is likely to be used through any such party's counsel, or if the identity of such party's counsel is unknown, on that party directly. *See In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute." (internal quotation marks omitted)). Applicant shall promptly file proof of such service on ECF.

      Any further proceedings shall be governed by the Federal Rules of Civil Procedure, the Court's Local Rules (http://nysd.uscourts.gov/courtrules.php), and the Court's Individual Rules and Practices in Civil Cases, (http://nysd.uscourts.gov/judge/Furman). If the parties believe that a protective order is appropriate or necessary, they shall file a joint proposed protective order on ECF, mindful that the Court will strike or modify any provision that purports to authorize the parties to file documents under seal without Court approval. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In the event of any dispute concerning the

---

[1] Although Applicant submits a copy of a proposed subpoena to be served on Northrop & Johnson Yachts-Ships LLC, ECF No. 4-13, Applicant does not request that the Court authorize her to serve that subpoena, ECF No. 1, ¶ 7. Accordingly, and for avoidance of doubt, this Order is limited to the subpoenas requested as to Respondents.

subpoena or any proposed protective order, the parties shall meet and confer before raising the dispute with the Court.

    The Clerk of Court is directed to terminate ECF No. 1 and to close the case (subject to an application to reopen the case in the event that there is a need for further litigation).

    SO ORDERED.

Dated: March 17, 2025
       New York, New York

                                        JESSE M. FURMAN
                                      United States District Judge