UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>APPLICATION OF YULIA GURYEVA-MOTLOKHOV FOR AN ORDER SEEKING DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 25-mc-00098 (JMF) |

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties to this proceeding (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that may be disclosed in connection with discovery in this case; and

WHEREAS, on March 17, 2025 the Court granted an application by applicant Yulia Guryeva-Motlokhov ("Applicant") for international discovery assistance under 28 U.S.C. § 1782, without prejudice to any subsequent motions to quash, and approved the service of proposed subpoenas on two non-party financial institutions (the "Subpoenas"); and,

WHEREAS, Applicant served the Subpoenas on or about March 20, 2025, but no responsive records have yet been produced; and

WHEREAS, intervenors Gaston Alphonso Browne; Maria Bird-Browne; Darwin Telemaque; Gaston Andron Browne III; IF Antigua Inc.; Hyacinth Harris; Ickford Roberts; Farmer DG Browne Co. Limited; Cove Head Development Limited; Cove Head Communications Limited (collectively, the "Antiguan Movants"); and the West Indies Oil Company ("WIOC") (together with the Antiguan Movants, "Intervenors") have intervened in this proceeding and filed motions to quash the Subpoenas, which remain pending (the "Motions to Quash"); and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order—including without limitation the Parties to this proceeding, their attorneys, representatives, agents, experts and consultants, all third parties providing discovery in this

proceeding, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

1. Until the Court orders otherwise, any records produced in response to the Subpoenas shall be considered "Attorneys' Eyes Only" and shall be received and held subject to the conditions in this Order.

2. The only persons who are authorized to receive, hold or access any records produced in response to the Subpoenas are counsel for Applicant, specifically Boies Schiller Flexner LLP; counsel for the Antiguan Movants, specifically Foley Hoag LLP, Paul S. Reichler, and Steven M. Schneebaum; and counsel for WIOC, specifically Dentons US LLP. Within forty-eight hours of receiving any records produced in response to the Subpoenas, counsel for Applicant shall transmit the same via electronic file sharing to each of counsel for the Antiguan Movants and counsel for WIOC. As used herein, the term "counsel" includes all professionals, paralegals and other personnel employed, respectively, by each of the law firms or individual attorneys listed in the first sentence of this paragraph.

3. No person other than those identified in paragraph 2 is authorized to receive or hold any records produced in response to the Subpoenas.

4. Upon and following receipt of any records produced in response to the Subpoenas, other than counsel for Applicant transmitting copies as provided in paragraph 2 above, no person shall use or disclose such records or their contents for any purpose whatsoever, pending a ruling by the Court on the Motions to Quash, except to ensure compliance with the provisions of this Order. Any such submission shall be made under seal.

5. For the avoidance of doubt, no person who receives or has access to any record produced in response to the Subpoenas may disclose, to any person or entity, any such record or any information contained therein. In particular and without limitation, no such person shall be permitted to make any public statements about any record produced in response to the Subpoenas or its contents (including making any social media posts). In addition, no person who receives or has access to any record produced in response to the Subpoenas may use any such record or any information contained therein for any political, public relations, business, commercial or competitive purpose, including and without limitation, the prosecution and/or defense of any action or proceeding in the United States or abroad, current or future.

6. Each person who is authorized to receive and hold, or has access to, records produced in response to the Subpoenas shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

7. All records produced in response to the Subpoenas shall be maintained by the counsel who receive them pursuant to this Protective Order in a manner that is secure and

confidential. In the event that any such counsel experiences a data breach, it immediately shall notify the other counsel identified in paragraph 2 of this Order and cooperate with them to address and remedy the breach. Nothing herein shall preclude any counsel identified in paragraph 2 from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the counsel identified in paragraph 2's failure to appropriately protect the records produced in response to the Subpoenas from unauthorized disclosure.

8.  This Order shall survive the termination of the litigation. If the Court grants the Motions to Quash in whole or part, within 31 days of such an order or within 5 days of the issuance of the mandate of the U.S. Court of Appeals for the Second Circuit affirming such an order (should Applicant appeal such an order), whichever is later, each of counsel for Applicant, counsel for the Antiguan Movants and counsel for WIOC shall destroy any records produced in response to the Subpoenas, or such portion as detailed by the Court if the Motions to Quash are granted in part, and transmit to the other counsel identified in paragraph 2 of this Order a certification that such records have been destroyed and that such counsel has retained no copies of any such records.

9.  If the Motions to Quash are denied or granted in part, the conditions in this Order shall continue in full force until further order of the Court.

10. All persons subject to this Order acknowledge that willful violation of this Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

//

//

SO STIPULATED AND AGREED:

Dated: April 25, 2025                                              Dated: April 25, 2025

**FOLEY HOAG LLP**                                                 **BOIES SCHILLER FLEXNER LLP**

*/s/ (e-mail authorization 4.25.25)*                               */s/ Dan G. Boyle*
Nicholas Marcus Renzler                                            Dan G. Boyle
Foley Hoag LLP                                                     Boies Schiller Flexner LLP
1301 Avenue of the Americas                                        2029 Century Park East, Suite 1520
New York, NY 10019                                                 Los Angeles, CA 90067
202-261-7394                                                       Tel: (213) 629-9040
Email: nrenzler@foleyhoag.com                                      Email: dboyle@bsfllp.com
*Attorney for Gaston Alphonso Browne;*
*Maria Bird Browne; Darwin Telemaque;*                             *Attorney for Applicant*
*Gaston Andron Browne III; Hyacinth*
*Harris; Ickford Roberts; IF Antigua Inc.;*
*Farmer DG Browne Co. Limited; Cove*
*Head Development Limited; Cove Head*                              This stipulation binds the parties to treat as confidential the
*Communications Limited*                                           documents so classified.  This Court, however, has not
                                                                   reviewed the documents referenced herein; therefore, by so
                                                                   ordering this stipulation, the Court makes no finding as to
*/s/ (e-mail authorization 4.25.25)*                               whether the documents are confidential.  That finding will
Anthony B. Ullman                                                  be made, if ever, upon a document-by-document review
Dentons US LLP                                                     pursuant to the procedures set forth in the Court's Individual
1221 Avenue of The Americas                                        Rules and Practices and subject to the presumption in favor
New York, NY 10020                                                 of public access to "judicial documents."  *See generally*
(212)632-5535                                                      *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20
Email: anthony.ullman@dentons.com                                  (2d Cir. 2006).  To that end, the Court does not "so order"
*Attorneys for West Indies Oil Company*                            any provision to the extent that it purports to authorize the
                                                                   parties to file documents under seal without a prior court
                                                                   order.  *See New York ex rel. Khurana v. Spherion Corp.*, No.
                                                                   15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19,
SO ORDERED:                                                        2019).

_____
JESSE M. FURMAN
United States District Judge

Dated:  April 28, 2025