UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                    :

IN RE APPLICATION OF YULIA GURYEVA-      :        25-MC-98 (JMF)
MOTLOKHOV FOR AN ORDER SEEKING       :
DISCOVERY PURSUANT TO 28 U.S.C. § 1782   :        <u>ORDER</u>
                    :

                    :
-------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On May 6, 2026, Movants filed a letter regarding certain communications from Mr. Alkiviades David, an interested party in this case. *See* ECF No. 66, at 2-3. Along with their letter, Movants also filed, at Mr. David's request, his opposition to Movants' amended petition for an order compelling discovery pursuant to 28 U.S.C. § 1782. *See* ECF No. 66-2. On the same date, Mr. David filed a document titled "Emergency Notice of Interest and Narrow Preservation Application." ECF No. 65 ("David App."), at 3. That document, which spans over 400 pages and includes many exhibits, purports to seek the preservation of certain records in connection with this proceeding — though the nature and relevance of those records is not clear. *See* David App.; ECF Nos. 65-1 through 4.

In light of Movants' letter, the Court cautions Mr. David that he must act professionally and respond in good faith to all parties in these proceedings as well as the Court — and that, if he fails to do so, sanctions may be imposed. Additionally, the Court hereby strikes his "Emergency Notice of Interest and Narrow Preservation Application" as procedurally improper and unintelligible. The Court will consider the opposition brief attached to Movants' letter at ECF No. 66-2 as Mr. David's opposition to the amended petition.

Applicants shall electronically serve this Order on Mr. David and file proof of service on ECF **within three business days of the date of this Order**.

The Clerk of Court is directed to strike the filing at ECF No. 65. To preserve the filing for the record, however, the Clerk of Court should not remove the PDF altogether; instead, the Clerk of Court should seal the PDF — i.e., limit access to the Court only.

SO ORDERED.

Dated: May 7, 2026
     New York, New York                                              JESSE M. FURMAN
                                                  United States District Judge