UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                         :

IN RE APPLICATION OF YULIA GURYEVA-     :         25-MC-98 (JMF)
MOTLOKHOV FOR AN ORDER SEEKING       :
DISCOVERY PURSUANT TO 28 U.S.C. § 1782   :       ORDER
                                           :
                                         :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

The Court previously chastised Mr. Alkiviades David, an interested party in this case

proceeding without counsel, for "flood[ing] the docket" with filings that are "procedurally

improper, substantively frivolous, or both." ECF No. 82, at 1. To curb any "further litigation

abuse," *id.* at 2, and because Mr. David had already filed his opposition to the one pending

application in this matter, *see* ECF No. 66-2, the Court ordered as follows:

> [I]f Mr. David wishes to file anything in connection with this matter, he must first
> seek and obtain the Court's permission to do so. Any such request shall take the
> form of a letter motion not to exceed one page in length explaining the nature of
> the submission that Mr. David wishes to make and why he should be permitted to
> file it. Any other submissions made by Mr. David — including any letter motion
> that exceeds one page in length or does not otherwise conform to the foregoing —
> will be disregarded as procedurally improper.

ECF No. 82, at 2 (emphasis omitted). Since that time, Mr. David has continued to flood the

docket with more repetitive and frivolous filings. *See* ECF Nos. 83-85, 87, 90-96; *see also* ECF

No. 86, at 2 (denying the requests in ECF Nos. 83-85 as violations of ECF No. 82, "procedurally

improper, frivolous, or all of the above"); ECF No. 89 (denying a portion of ECF No. 87).

Strictly speaking, many of those filings comply with the Court's Order insofar as they are limited

to one page and request leave to file something. *See, e.g.*, ECF Nos. 93-95. But suffice it to say,

filing *multiple* one-page requests in the space of the same day is not consistent with the spirit of

the Court's Order and will not be further tolerated, as they burden the Court and the other parties.

To the extent that Mr. David seeks leave to file a "cross-complaint," *see, e.g.*, ECF No. 94, his request is DENIED as Mr. David's purported claims are entirely unrelated to the subject-matter of this action, which merely seeks discovery in aid of foreign litigation pursuant to 28 U.S.C. § 1782.  Mr. David is free to pursue his claims by filing a new lawsuit.

To the extent that Mr. David seeks relief with respect to materials that may have been produced in response to the subpoenas served earlier in this matter over a year ago, *see, e.g.*, ECF No. 96, his request is DENIED as both untimely and moot given that the Protective Order at ECF No. 43 already governs the handling of those materials.

Finally, to the extent that Mr. David seeks leave to file additional materials in connection with the pending application, *see, e.g.*, ECF No. 95, his request is DENIED as Mr. David has already filed (through Movants) his opposition to the application, *see* ECF No. 66-2, and fails to show good cause why he should be permitted to file anything else.

All other requests Mr. David has made are DENIED as procedurally improper, substantively frivolous, or both.

The Court is rapidly losing patience with Mr. David's abuse of the judicial system.  To curb any further such abuse, the Court ORDERS that **Mr. David may not file more than one request to file a document in this matter per day; any such request shall comply with the requirements of the Court's Order of May 13, 2026, at ECF No. 82.**  Further, Mr. David shall not file any request for relief that the Court has already denied.  Given that Mr. David's opposition to the pending application has been submitted, there is really nothing further for Mr. David to do.  Put differently, the Court cannot imagine anything that Mr. David should — or could properly — file until the Court rules on the pending application.

**If Mr. David fails to comply with the foregoing, or the Court's earlier Orders, the**

2

**Court will likely impose additional sanctions, up to and including limiting Mr. David to filing one request to file a document per week (or barring further filings altogether), ordering Mr. David to pay monetary sanctions, and/or striking Mr. David's opposition and deeming the application to be unopposed by him.**

Movants shall electronically serve this Order on Mr. David and file proof of service on ECF **within three business days of the date of this Order**.

The Clerk of Court is directed to terminate ECF Nos. 90-91 and 93-95.

SO ORDERED.

Dated: May 21, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge