SWISSX LEGAL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: APPLICATION OF YULIA GURYEVA-MOTLOKHOV
FOR AN ORDER SEEKING DISCOVERY PURSUANT TO 28 U.S.C. § 1782

**Case No. 25-MC-98 (JMF)**

## INTERESTED PARTY ALKIVIADES ANDREW DAVID IV'S LETTER-MOTION FOR LEAVE TO FILE RENEWED RECUSAL MOTION AND LIMITED RESPONSE REGARDING ECF NO. 154

**Interested Party Alkiviades Andrew David IV**, proceeding pro se and with a documented severe traumatic brain injury that does not render him unable to litigate but requires reasonable disability accommodations, respectfully requests leave, consistent with ECF Nos. 82, 97, and 128, to file this limited submission. Mr. David contends that his disability rights and record submissions have been subjected to prejudicial mischaracterization and materially disparate procedural treatment.

Mr. David supports the Browne parties' position at ECF No. 154 and opposes use of intervention in this matter as a substitute for the procedures required for discovery under 28 U.S.C. § 1782 in the separate Antiguan proceeding. He alleges coordinated conduct involving Boies Schiller Flexner LLP ("BSF"), Paul S. Reichler, Robert Yildirim, and YILPORT-related interests, and requests disclosure and preservation of any material relationships or responsive evidence. These allegations are presented as disputed matters requiring inquiry, not as adjudicated facts.

**Renewed Recusal Request.** Under 28 U.S.C. § 455(a), Mr. David renews his request that Judge Furman recuse or disclose any material relationship bearing on impartiality. The asserted grounds are cumulative: alleged differential treatment of disability-related and evidentiary submissions as compared with represented parties; unresolved access and preservation requests; and prejudicial matters remaining in the record, including the attributed statement "niggers never win in court" and BSF characterizations suggesting criminality that Mr. David states are contradicted by his evidence. Mr. David contends that the continued absence of a ruling or correction concerning these matters contributes to an objectively reasonable appearance of partiality. See *Liteky v. United States*, 510 U.S. 540, 555-56 (1994). He further requests clarification regarding any relationship between these proceedings and related Texas proceedings or investigations, to the extent such a relationship exists.

**Request for Clarification by Counsel.** Mr. David requests that Paul S. Reichler, counsel for the Browne parties, address on the record: (1) the basis for demanding broad personal disclosures from Mr. David while opposing disclosure concerning alleged conflicts or relationships; and (2) what protective or procedural steps, if any, were considered to prevent alleged continuing misuse of this proceeding by BSF or others. Mr. David requests a response within three business days or such period as the Court directs.

**Preservation.** Mr. David requests preservation of the Quirk report and all related communications, source materials, metadata, custody records, and evidence. He does not request that the Court accept the underlying allegations as true at this stage.

**WHEREFORE**, Mr. David respectfully requests: (1) leave to file this submission; (2) recusal or disclosure under § 455(a), with a limited stay pending determination; (3) correction or clarification of prejudicial record matters; (4) preservation of the Quirk materials and related evidence; (5) the requested clarification from Mr. Reichler; and (6) such other relief as the Court deems just and proper.

Dated: July 11, 2026

Respectfully submitted,
/s/ Alkiviades Andrew David IV
**ALKIVIADES ANDREW DAVID IV**
Interested Party, Pro Se
Contact information on file with the Court

Application DENIED. *See* ECF No. 128.

The Clerk of Court is directed to terminate ECF No. 155.

SO ORDERED.

July 15, 2026