Application DENIED as frivolous.

The Clerk of Court is directed to terminate ECF No. 161.

SO ORDERED.

July 30, 2026

SWISSX LEGAL™

SOVEREIGN WEALTH FUND OF ANTIGUA & BARBUDA

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE APPLICATION OF YULIA GURYEVA-MOTLOKHOV FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Case No. 1:25-mc-00098-JMF

# CODE RED EMERGENCY MOTION FOR DISQUALIFICATION, NEUTRAL REASSIGNMENT, AND INDEPENDENT CASE MANAGEMENT

Interested Party Alkiviades Andrew David, a disabled pro se litigant, moves under 28 U.S.C. § 455(a) for Judge Jesse M. Furman to step down immediately, for neutral reassignment, suspension of the filing restrictions, preservation of the complete record, and independent case management by a successor judge.

This motion is not based merely on adverse rulings. The Court struck and sealed submissions, threatened sanctions and the striking of Mr. David's opposition, confined him to one-page leave requests, and then held that even technically compliant filings violated the undefined “spirit” of the restriction. Represented parties, meanwhile, received extensive declarations, exhibits, intervention briefing, enlarged limits, replies, extensions, and a surreply.

The Court created a closed procedural loop: one filing was deemed sufficient to state Mr. David's entire position; later evidence was rejected because that position supposedly already existed; changed circumstances were labeled duplicative; and the restricted record was then used to declare that nothing further could properly be filed. That is not neutral docket control. It is procedural foreclosure.

The same judge cannot neutrally decide whether his own restrictions prevented a complete record, whether his own sanctions warnings chilled lawful participation, whether rejected filings were reviewed, and whether repeated labels of “irrelevant,” “frivolous,” “duplicative,” and “procedurally improper” displaced filing-specific adjudication. A reasonable observer could question impartiality. Section 455(a) therefore requires disqualification.

The excluded material concerns the purpose and beneficiaries of the § 1782 application; Boies Schiller Flexner LLP; the Guryev and Guryeva-Motlokhov interests; Yıldırım and YILPORT; preservation, funding, and litigation coordination; Antigua-related sovereign, port, and shipping interests; and overlapping proceedings. Mr. David asks only that a neutral successor judge assess the complete record.

Related proceedings: Professor Ronald S. Sullivan, Jr., Harvard Law School, of Ron Sullivan Law, is appearing for Mr. David's corporate entities in the Eastern District of Texas and is copied because of overlapping preservation, discovery, witness, and record-integrity issues, including matters associated with Clare Bronfman and Rovier Carrington. This does not represent that Professor Sullivan adopts any allegation unless he expressly does so.

Mr. David has separately invoked the judicial-conduct process under 28 U.S.C. §§ 351-364. He does not ask this Court to determine that complaint or treat its filing as evidence of misconduct. Its existence is disclosed solely to preserve procedural accuracy. This motion independently seeks case-specific relief under 28 U.S.C. § 455(a), which the conduct process cannot provide.

**WHEREFORE, Mr. David respectfully requests an order:**

1. disqualifying Judge Furman immediately under § 455(a);
2. directing neutral reassignment under SDNY procedures;
3. suspending the prefiling restrictions pending successor-judge review;
4. barring further merits or sanctions rulings by the present judge except preservation measures;
5. preserving and indexing every public, sealed, struck, rejected, and Court-only submission, including ECF No. 65 and its attachments;
6. identifying what materials were received, rejected, sealed, struck, and actually reviewed; and
7. convening an immediate record-integrity conference and permitting one consolidated filing under equal conditions.

**The judiciary is protected by reassignment before the appearance of partiality becomes irreversible. Judge Furman should step down now.**

Respectfully submitted,
/s/ Alkiviades Andrew David
ALKIVIADES ANDREW DAVID
Disabled Pro Se Litigant - Interested Party

SWISSX LEGAL™
SwissX Island Legal Initiative
Sovereign Wealth Fund of Antigua & Barbuda
Cc: Professor Ronald S. Sullivan, Jr.
Harvard Law School / Ron Sullivan Law