UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

IN RE APPLICATION OF YULIA GURYEVA MOTLOKHOV FOR AN ORDER SEEKING DISCOVERY PURSUANT TO 28 U.S.C. § 1782

---------------------------------------------------------------------X

25-MC-98 (JMF)

MEMORANDUM OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, Applicant Yulia Guryeva-Motlokhov sought discovery, pursuant to 28 U.S.C. § 1782(a), for use in several foreign judicial proceedings, including a case before the Antiguan High Court. Specifically, the application sought "[a]ll documents concerning all wire transfers" dating to 2019 that reference any of twelve entities and seven people — including Gaston Browne, the Prime Minister of Antigua and Barbuda — that, according to Guryeva-Motlokhov, were involved in the corrupt seizure and sale of a superyacht known as the *Alfa Nero*. *See* ECF No. 2 ("Applicant's Mem."), at 51; ECF Nos. 4-11, 4-12. The Court initially granted the application on an *ex parte* basis, albeit "without prejudice to the timely filing of a motion to quash one or both of the subpoenas" that the Court authorized Guryeva-Motlokhov to serve. *See* ECF No. 14. Thereafter, Browne and other interested parties moved to quash the subpoenas and, in a Memorandum Opinion and Order entered on June 4, 2025, the Court granted their motion. *See In re Guryeva-Motlokhov*, No. 25-MC-98 (JMF), 2025 WL 1581762 (S.D.N.Y. June 4, 2025). As relevant here, the Court concluded that Guryeva-Motlokhov had "failed to identify any procedural mechanism to 'inject' the requested discovery into [the Antiguan] proceedings" because "the trial before the Antiguan High Court ha[d] already concluded . . . ." *Id.* at *3. "Significantly," the Court observed, Guryeva-Motlokhov "does not even try to argue that she would be able to place the records at issue before the Antiguan High Court itself at this stage of the proceedings. Instead, in the words

of her own foreign law expert, she hopes to use the records in an *appeal* that she '*intends*' to bring '[*i*]*f* the [Antiguan High Court's] Judgment is unfavorable.'" *Id.* at *3. The Court indicated that its decision was "without prejudice to a new application for relief under Section 1782 in the event that circumstances change materially." *Id.* at *5. Guryeva-Motlokhov appealed, and the Second Circuit affirmed. *See In re Guryeva-Motlokhov*, No. 25-1626-CV, 2026 WL 861084 (2d Cir. Mar. 30, 2026) (summary order).

A few months ago, Applicant — now joined by her counsel, Boies Schiller Flexner LLP and E. Martin De Luca — filed an amended application (the "Amended Application") renewing the request for discovery. *See* ECF No. 56 ("Applicant's Mem."), at 11 & n.9. The Amended Application offers two theories for why the discovery is now warranted. First, it argues that "[c]ircumstances have materially changed" in the original Antiguan High Court proceedings "since this Court considered Guryeva-Motlokhov's previous request for discovery under Section 1782." *Id.* at 14. Specifically, it reports that Applicant filed an application with the Antiguan High Court seeking leave to submit "fresh evidence" (evidence that Applicant had obtained by way of a separate application under Section 1782 in the Southern District of Florida) and that the High Court granted leave to file some such evidence. *See id.* at 4, 10-11; ECF No. 147 ("Applicant's Reply"), at 7-8. "This development," it is argued, "confirms Guryeva-Motlokhov is able to place the records before the High Court at this stage of the proceedings." Applicant's Reply 8 (internal quotation marks omitted). Second, the Amended Application argues that the discovery would and could be used by Boies Schiller Flexner LLP and De Luca in a separate defamation proceeding pending before the Antiguan High Court that Browne filed against them for statements they made in connection with the *Alfa Nero* episode. *See* Applicant's Mem. 14-

16. Once again, Browne and other interested parties oppose the request for discovery. *See* ECF No. 115 ("Browne Parties' Opp'n"). Once again, they have the better of the argument.

First, to the extent the Amended Application seeks discovery for use in the original Antiguan proceedings, it amounts to an untimely and improper motion for reconsideration. As noted, in her original application, Guryeva-Motlokhov argued only that she "hope[d]" to use the requested discovery "in an appeal that she intends to bring if the Antiguan High Court's Judgment is unfavorable." *In re Guryeva-Motlokhov*, 2025 WL 1581762, at *3 (cleaned up). "Significantly," she did "not even try to argue that she would be able to place the records at issue before the Antiguan High Court itself at this stage of the proceedings." *Id.*[1] In the Amended Application, she now contends that there is a procedure to place the records at issue before the Antiguan High Court — namely, the "fresh evidence mechanism." Applicant's Reply 6; *see* Applicant's Mem. 14-15, 17-18. But the existence of this mechanism is not a "change" in "circumstances" that justifies a "new application," *In re Guryeva-Motlokhov*, 2025 WL 1581762, at *5, for the simple reason that it existed, and was known to Guryeva-Motlokhov, at the time of the original application (as confirmed by the fact that she utilized it to submit discovery that she obtained through other Section 1782 proceedings). Indeed, Guryeva-Motlokhov all but concedes as much in proffering that the "fresh evidence procedure . . . wasn't identified originally because [she] believed she could use the discovery on appeal." Applicants' Reply 8.

---

[1] That was true on appeal to the Second Circuit as well. *See In re Guryeva-Motlokhov*, 2026 WL 861084, at *2 ("Even on appeal, Guryeva-Motlokhov does not assert an intention to use the requested discovery in her current proceedings before the Antiguan trial court, where a bench trial has completed and where she has no further opportunity to present evidence. Instead, she would use the discovery *if* she loses before the Antiguan trial court and subsequently decides to appeal, or *if* she wins and the opposing parties appeal." (footnote omitted)).

At bottom, therefore, the Amended Application's arguments with respect to the original Antiguan proceeding amount to nothing more than a motion for reconsideration in disguise. Guryeva-Motlokhov, however, "did not timely move for reconsideration, . . . and [s]he may not do so now." *DeCastro v. Kavadia*, No. 12-CV-1386 (JMF), 2018 WL 11446558, at *2 (S.D.N.Y. Nov. 28, 2018); *see* S.D.N.Y. Local Civ. R. 6.3 (requiring motions for reconsideration to be served within fourteen days "after the entry of the Court's order being challenged"). Additionally, because Guryeva-Motlokhov seeks "to make arguments that [she] could have, but failed to make, before," "[t]o entertain those arguments at this juncture would be to give [her] 'a second bite at the apple,'" which the Court will not do. *Frommer v. Moneylion Techs. Inc.*, No. 23-CV-6339 (JMF), 2024 WL 3520634, at *1 (S.D.N.Y. July 22, 2024) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *see also Analytical Survs.*, 684 F.3d at 52 ("It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (cleaned up)). Insofar as the Amended Application seeks discovery "for use" in the original Antiguan proceedings, therefore, it must be and is denied.

Second, the Amended Application improperly seeks discovery for use by Boies Schiller Flexner LLP and De Luca in the Browne defamation proceeding for the simple reason that they are not parties in this case. *See, e.g.*, *Greenbaum v. Islamic Republic of Iran*, No. CV-08-0740 (GAF) (SSX), 2008 WL 11336781, at *1 (C.D. Cal. July 7, 2008) (observing that a movant "does not have the right to be heard" in a case if it is not a party); *G-I Holdings, Inc. v. Baron & Budd*, No. 01-CV-0216 (RWS), 2002 WL 1822929, at *1 (S.D.N.Y. Aug. 7, 2002) (denying a

motion for summary judgment on the ground that the movants were "not parties" to the action).[2] Recognizing the problem, Boies Schiller Flexner LLP and De Luca filed a reply in which they seek leave to intervene under Rule 24(b) of the Federal Rules of Civil Procedure. *See* Applicant's Reply 12.[3] But that request is both too little and too late. For one, Rule 24 requires a "timely motion" to intervene. FED. R. CIV. P. 24(b)(1). A passing reference in a reply memorandum of law, however, is neither "timely" nor a "motion." *See Armstrong v. City of New York*, No. 24-CV-6751 (JMF), 2026 WL 751211, at *4 n.5 (S.D.N.Y. Mar. 17, 2026) (rejecting an argument made for the first time in a reply brief as "[t]oo late"); Local Civil Rule 7.1(a) (providing, with exceptions not relevant here, that "[a]ll motions must include," among other things, "[a] notice of motion"). For another, Rule 24 permits intervention here only if Boies Schiller Flexner LLP and De Luca have "a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). They do not. Yes, they "seek the same documents, from the same Discovery Targets." Applicant's Reply 1. But they do so for use in "an entirely separate proceeding involving different parties, different claims, different

---

2 The Court does not read the Amended Application to seek discovery by Guryeva-Motlokhov for use in the Browne defamation proceeding. To the extent that it does, however, it would fail as it makes no argument that she is an "interested person" within the meaning of Section 1782 as to that proceeding. *See* Applicant's Mem. 13-14; *see also In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 128 (2d Cir. 2017) (reaffirming that "Section 1782 applicants must meet certain statutory requirements," one of which is that "the applicant must be either a foreign tribunal or an interested person" (cleaned up)).

3 Citing *In re Tiberius Grp. AG*, No. 19-MC-467 (VSB), 2020 WL 1140784, at *9 (S.D.N.Y. Mar. 6, 2020), for the proposition that "courts have declined to impose a rigid intervention requirement in the Section 1782 context," they also suggest that the Court should consider their application absent intervention. Applicant's Reply 12. But *Tiberius Group* — which involved a motion to quash under Rule 45 of the Federal Rules of Civil Procedure — does not hold, let alone suggest, that a non-party may *seek* discovery pursuant to Section 1782.

legal standards, different foreign law issues, and different factual predicates." ECF No. 154 ("Browne Parties' Sur-reply"), at 2.[4]

For these reasons, the Amended Application must be and is DENIED. That denial is without prejudice to a new application by Boies Schiller Flexner LLP and De Luca for discovery for use in connection with the Browne defamation proceeding. But any such new application must be filed as a new case. The Clerk of Court is directed to terminate ECF No. 55.

SO ORDERED.

Dated: August 31, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

[4] In the alternative, the Court declines to grant Boies Schiller Flexner LLP and De Luca leave to intervene given that this case is (but for Guryeva-Motlokhov's untimely and improper — and now rejected — motion for reconsideration) long closed. *See, e.g.*, *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005) (observing that appellate review of a denial of permissive intervention "is particularly deferential" and that "a denial of permissive intervention has virtually never been reversed" (cleaned up)).